IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HENRY SMITH                                                                                           PETITIONER

v.                                            No. 6:22-cv-06078

UNITED STATES OF AMERICA                                                              RESPONDENT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Smith's Motion for Leave to Proceed In Forma Pauperis and Motion for Service. ECF No. 4. Smith filed this action pursuant to 28 U.S.C. § 2241. Under this provision, Smith must file his action in the "district wherein the restraint complained of is had." *See* 28 U.S.C. § 2241(a). Smith is being held in the Federal Correctional Institution in Greenville, Illinois. This facility is not located in the Western District of Arkansas. Accordingly, the Court does not have subject matter jurisdiction over this matter, and this case should be dismissed without prejudice. *See, e.g., Kahn v. Kahn,* 21 F.3d 859, 862 (8th Cir. 1994) (recognizing such a dismissal is without prejudice).

Furthermore, the Court declines to recommend a transfer of this action to the proper district court. Smith currently has a pending 28 U.S.C. § 2255 action in the Western District of Arkansas. *See U.S. v. Smith,* 6:19-cv-06069 (W.D. Ark.). Smith represents he is only bringing this 28 U.S.C. § 2241 action because there has been no decision in that matter: "In the United States District Court Western District of Arkansas, Hot Springs Division denied Plaintiff a decision rather or not Plaintiff lawyer were ineffective or not under Rule (37) ineffective assistance of counsel." ECF No. 1 at 4. Thus, the Court recommends Smith's case be dismissed without prejudice and not be transferred to the proper district where it should have been filed.

1

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**SIGNED** this **29th day of July 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE